IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

Allen Jackson, #178827,        )
                               )
         Plaintiff,            )   C.A. No. 3:08-3578-HMH-JRM
                               )
    vs.                        )   **OPINION & ORDER**
                               )
Mayor Den; L.T. June; Lee Mailroom  )
Workers, John Doe; A/W Bell;   )
Warden Padula; Lee Grievance   )
Office Workers, John Doe,      )
                               )
         Defendants.           )

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Joseph R. McCrorey, made in accordance with 28 U.S.C. § 636(b)(1) (2006) and Local Civil Rule 73.02 of the District of South Carolina. Allen Jackson ("Jackson"), a state prisoner proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983, alleging violations to his civil rights. In his Report and Recommendation, Magistrate Judge McCrorey recommends granting the Defendants' motion for summary judgment.

Jackson filed objections to the Report and Recommendation. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

1

Upon review, the court finds that many of Jackson's objections are non-specific, unrelated to the dispositive portions of the magistrate judge's Report and Recommendation, or merely restate his claims. However, the court was able to glean one specific objection. Jackson alleges that the Defendants violated his right to access the courts because he was unable to timely file legal documents due to his mail being improperly returned for insufficient postage. Jackson objects that "S.C.D.C. Policy for mailing procedure stress that postage will be properly [paid] by mail staff . . . without" requiring submission of a debit form with the mail. (Objections 3.) This objection is without merit.

South Carolina Department of Corrections ("SCDC") policy PS-10.08, Section 4, provides that if "the mail is not in an indigent mailing envelope or the mail is without sufficient postage or a SCDC Form 10-14 [debit form] . . . , it is returned to the inmate for insufficient postage." (Defs. Mem. Supp. Summ. J. Exs. (John J. Brook, Jr. Aff. ¶¶ 8-9).) To state a prima facie case of denial of access to the courts, Jackson "must identify with specificity an actual injury to non-frivolous litigation caused by Defendants' actions." Smith v. Hampton Roads Regional Jail, Civil Action No. 3:08CV610, 2009 WL 3109835, at *2 (E.D. Va. Sept. 25, 2009) (citing Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir. 1996) (en banc)).

Prison administrators are entitled to "adopt reasonable policies to regulate the receipt, distribution and delivery of incoming mail and the collection and posting of outgoing mail within their institutions." White v. White, 886 F.2d 721, 727 (4th Cir. 1989) (Murnaghan, J., dissenting). "Reasonable regulations are necessary to balance the rights of prisoners with budgetary considerations." Id. at 723 (majority opinion). In addition, "[p]risoners do not have a cause of action under § 1983 for negligent interference by prison officials with their right of

access to the courts." Wise v. Lexington County Sheriff's Dept., Civil Action No. 4:06-cv-1842-RBH, 2008 WL 551618, at *6 (4th Cir. Feb. 26, 2008) (unpublished) (citing Pink v. Lester, 52 F.3d 73 (4th Cir. 1995)).

The Defendants' policy is not unreasonable and does not unjustifiably obstruct Jackson's access to the courts. Jackson does not dispute that he failed to place his mail in an indigent envelope. Further, there is no evidence that Jackson submitted a Form 10-14. Jackson has failed to support his claim that the Defendants caused him injury. The only conclusion that can be drawn from the evidence is that Jackson's legal documents were untimely due to his failure to comply with the institution's policy. Based on the foregoing, after a thorough review of the magistrate judge's Report and the record in this case, the court adopts Magistrate Judge McCrorey's Report and Recommendation.

Therefore, it is

**ORDERED** that the Defendants' motion for summary judgment, docket number 40, is granted.

**IT IS SO ORDERED**.

    s/Henry M. Herlong, Jr.
    Senior United States District Judge

Greenville, South Carolina
December 15, 2009

**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.